## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| FARZIN FERDOWSI | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| ISLAMIC REPUBLIC OF IRAN, | ) |
| FADAIYAN-I-ISLAM, HOJATIEH, | ) |
| HAJI TOLOUIE, and AYATOLLAH | ) |
| HOSSEIN MOUSAVI TABRIZI, | ) |
| | ) |
|     Defendants. | ) |

### VERIFIED COMPLAINT

Plaintiff Farzin Ferdowsi, by counsel, respectfully files this Verified Complaint against Defendants Islamic Republic of Iran, Fadaiyan-i-Islam, Hojatieh, Haji Tolouie, and Ayatollah Hossein[1] Mousavi Tabrizi (hereinafter "Defendants"). seeking damages arising out of the abduction, torture, and unlawful killing of his father, Fat'u'llah Ferdowsi, in 1981 and 1982. Plaintiff moves for judgment against Defendants. In support of the Verified Complaint, Plaintiff alleges as follows:

### I.  JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(f)(4) and 1391(d).

2.  Defendants Islamic Republic of Iran (hereinafter "Iran"), Fadaiyan-i-Islam, Hojatieh, Haji Tolouie, and Ayatollah Seyed Hossein Mousavi Tabrizi (hereinafter "Mousavi Tabrizi") are subject to suit in the courts of the United States pursuant to the

---

[1] Alternative spellings include "Hussain" and "Hoseyn."

Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes.

## II.    THE PARTIES

3.    Plaintiff Farzin Ferdowsi, an American citizen currently and at all times relevant to this lawsuit, is the son of the late Fat'u'llah Ferdowsi (hereinafter "Decedent" or "Fat'u'llah"), who was abducted, tortured, and wrongfully killed.

4.    Defendant Iran is and, at all times relevant hereto, was a foreign state within the meaning of 28 U.S.C. § 1603 and has been designated as a state sponsor of terrorism pursuant to § 6(j) of the Export Administration Act of 1979 (50 U.S.C. 2405(j)).

5.    Defendant Fadaiyan-i-Islam is and, at all times relevant hereto, was a right-wing faction of Muslim Fundamentalists who has engaged in acts of torture and persecution of persons of the Baha'i Faith. The government of Iran has approved of and supported the activities of Fadaiyan-i-Islam by allowing such acts of torture and persecution to continue. More specifically, Iran has enabled Fadaiyan-i-Islam to use government facilities, such as prison cells, in which the group has held abductees and tortured them. Fadaiyan-i-Islam, acting as an agent of Iran, performed acts within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

6.    Defendant Hojatieh is and, at all times relevant hereto, was a fundamentalist semi-secret society who has engaged in acts to eliminate persons of the Baha'i Faith. The government of Iran has approved of and supported the activities of Hojatieh by allowing such acts of elimination to continue. Furthermore, the current president of Iran, Mahmoud Ahmadinejah, is a member of Hojatieh, and he has placed many members of the same in important positions of his political cabinet and

2

bureaucracy. Hojatieh, acting as an agent of Iran, performed acts within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

7.     Defendant Haji Tolouie was, at all times relevant hereto, the person who abducted Fat'u'llah, was in charge of the prison to which Fat'u'llah was subsequently taken, and was in charge of the revolutionary guard who tortured him. Haji Tolouie, acting as an agent of Iran within the scope of his office, employment and agency, performed acts within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

8.     Defendant Mousavi Tabrizi was, at all times relevant hereto, the chief prosecutor of Iran's Revolutionary Court who visited Fat'u'llah at the first prison and ordered his execution and other Baha'i prisoners. Mousavi Tabrizi, acting as an agent of Iran within the scope of his office, employment and agency, performed acts within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C. § 1605 note.

### III.    STATEMENT OF FACTS

9.     In 1981, Fat'u'llah Ferdowsi was an elected member of a 9-person Baha'i group called the Spiritual Assembly of the Baha'is in Tehran, Iran, who collectively exercised administrative functions over the Baha'i community of Tehran. Fat'u'llah was attending a meeting of the Spiritual Assembly on the night of November 1, 1981, when he and the other members were abducted by Haji Tolouie and taken to a prison which was run by the Iranian government.

10.     At the prison, Fat'u'llah was tortured and beaten because of his adherence to the Baha'i Faith. He was also forced to tolerate unsanitary and inhume conditions. For instance, although he was held in prison during the winter months, the windows contained no glass and the outside temperature was approximately zero degrees Celsius.

3

11. After approximately ten days, Fat'u'llah and the others were transferred to Evin Prison, another facility run by the Iranian government.

12. On the day of the transfer, Mousavi Tabrizi, the chief prosecutor of Iran's Revolutionary Court at the time, saw Fat'ullah and the others and asked Haji Tolouie who they were. When Tolouie answered that they were Baha'is, Mousavi Tabrizi stated that they should write their last wills since they have been issued a death sentence.

13. On January 4, 1982, Fat'u'llah's family received a call from Evin Prison stating that Fat'u'llah had been executed. No reason was given and his body was not returned.

14. Iran is one of the countries placed on the list of state sponsors of terrorism adopted by the United States in 1979 pursuant to the Export Administration Act, 50 U.S.C. App. 2405(j). Iran has a long-standing history of support for terrorism and has remained designated as a terrorist-sponsoring state since 1979.

15. At all times relevant to this Verified Complaint as well as before and after the abduction, torture, and extrajudicial killing of Decedent, Iran provided material support and resources to Fadaiyan-i-Islam and Hojatieh when it was clearly understood that one of the main purposes of the two groups was to persecute persons of the Baha'i Faith. The two groups justified their mission by claiming, among other reasons, that Bahai's are Israeli spies. When the two groups abducted Baha'is, the Iranian government provided assistance and support by allowing the use of prison cells in which to hold, torture, and execute Baha'is, as was the situation described in this Verified Complaint.

16.     Both Haji Tolouie and Mousavi Tabrizi were acting in their official capacities as agents of Iran when they performed acts that contributed in the persecution, torture, and killing of Fat'u'llah.

**COUNT I**
**WRONGFUL DEATH**

17.     Plaintiff Farzin Ferdowsi incorporates herein by reference paragraphs 1 through 16 as if fully set forth.

18.     The death of Fat'u'llah was caused by a willful and deliberate act of extrajudicial killing. The execution was ordered by Mousavi Tabrizi, acting in concert with and under the supervision of the other Defendants.

19.     Before his death, Fat'u'llah suffered extreme bodily pain and suffering, by means of beatings, entitling Plaintiff to compensatory damages.

20.     Defendant Iran sponsored Fadaiyan-i-Islam's and Hojatieh's terrorist activities within the meaning of 28 U.S.C. § 1605(a)(7).

21.     Defendants Haji Tolouie and Mousavi Tabrizi, acting as agents of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C.A. § 1605, performed acts within the scope of their agency which caused the death of Fat'u'llah.

22.     As a direct and proximate consequence of the actions for which Defendants are liable, Plaintiff suffered pecuniary loss, including the loss of Decedent's future earnings as well as the unlawful seizure of all assets belonging to Decedent and his family.

23.     Defendants' conduct was outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.     Plaintiff Farzin Ferdowsi incorporates herein by reference paragraphs 1 through 23 as if fully set forth.

25.     The abduction, torture, and extrajudicial killing of Fat'u'llah was intended by Defendants to inflict emotional distress upon decedent's surviving family members.

26.     Defendants' acts caused emotional distress to Plaintiff who knew that his father had been abducted because of his Baha'i Faith. Plaintiff and his family did not receive word of his father until a sudden telephone call from Evin Prison announcing his execution.

27.     Defendants' conduct was outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.


WHEREFORE, Plaintiff Farzin Ferdowsi prays that this Court grant judgment in his favor and against Defendants on Counts I and II, and grant Plaintiff:

(1) Compensatory damages against Defendants Iran, Fadaiyan-i-Islam, Hojatieh, Haji Tolouie, and Mousavi Tabrizi jointly and severally in the amount of $100,000,000;

(2) Punitive damages against Defendants in an amount to be determined at trial; and

(3) Reasonable costs and expenses, as well as prejudgment interest, counsel fees, and any other relief which the Court may deem appropriate.


Dated: _3/28/06_

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: _William T. Ramsey_
     William T. Ramsey, BPR # 9245
150 Fourth Avenue, North
One Nashville Place, Suite 2000
Nashville, TN 37219
(615) 244-1713
**Counsel for Farzin Ferdowsi**

7

## VERIFICATION

STATE OF TENNESSEE        )
                          )
COUNTY OF WILLIAMSON      )

      Farzin Ferdowsi, being duly sworn, deposes and says that he has read the foregoing Verified Complaint and knows the contents thereof; that the allegations contained therein are true and correct of his knowledge.

_____
Farzin Ferdowsi

Sworn to and subscribed before me this day the 24th day of March, 2006.

_____
Notary Public

My Commission Expires:

3-22-08