UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FARZIN FERDOWSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:06-0236 |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, ) | Judge Trauger/Bryant |
| et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Plaintiff Farzin Ferdowsi has filed his application, pursuant to Rule 55, Federal Rules of Civil Procedure, for a default judgment against defendant Islamic Republic of Iran (Docket Entry No. 19). As grounds for this motion, plaintiff asserts that defendant, after being served with process, has failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure.[1]

Plaintiff's application was referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 22).

The undersigned Magistrate Judge conducted a hearing on plaintiff's application on March 30, 2009.

For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiff's application be denied, and that

---

[1] Service of process has not been obtained on the other defendants.

the complaint be dismissed for lack of subject-matter jurisdiction.

## Statement of the Case

This is an action by plaintiff Farzin Ferdowsi, a United States citizen, against defendant Islamic Republic of Iran and others for the abduction, torture, and wrongful killing of plaintiff's father, Fatullah Ferdowsi, in November 1981 through January 4, 1982. Plaintiff Farzin Ferdowsi asserts as causes of action (1) the wrongful death of his father, and (2) the intentional infliction of emotional distress upon plaintiff as the result of his father's abduction, torture and murder by agents of the Islamic Republic of Iran.

Defendants have not appeared, pled, or otherwise defended this action.

## Analysis

### Subject-matter jurisdiction

Preliminary to analyzing this case pursuant to Rule 55, the Court must, as a threshold matter, determine whether it has subject-matter jurisdiction of this case. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3), Federal Rules of Civil Procedure. Here, the Court must consider whether the Islamic Republic of Iran is subject to suit in this court pursuant to the terrorism exception to foreign sovereign immunity, codified at 28

2

U.S.C. § 1605(a)(7), now repealed, or its successor provision, 28 U.S.C. § 1605A.

As a general rule, foreign states are ordinarily "immune from the jurisdiction of the courts of the United States and of the States." 28 U.S.C. § 1604. But the statute embodying this general rule — the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, et seq. — recognizes several exceptions; if any of these exceptions is applicable, the federal district courts have jurisdiction to adjudicate the claim against the foreign state. See Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 489 (1983).

In 1996, Congress added to the list of statutory exceptions one for state sponsors of terrorism, which was codified at 28 U.S.C. § 1605(a)(7). This exception stripped immunity in any suit for money damages

> against a foreign state for personal injury or death that was caused by an act of torture [or] extrajudicial killing . . . except the court shall decline to hear a claim under this paragraph (A) <u>if the foreign state was not designated as a state sponsor of terrorism</u> under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) <u>at the time the act occurred, unless later so designated as a result of such act</u>. . . .

28 U.S.C. § 1605(a)(7) (repealed by the National Defense Authorization Act for Fiscal Year 2008, 122 Stat. 3, § 1083(b)(1)(A)(iii) (emphasis added). "In brief, § 1605(a)(7)

3

stripped immunity from a foreign state for claims arising from particular acts, if those acts were taken at a time when the state was designated as a sponsor of terrorism." Republic of Iraq v. Beaty. 129 S.Ct. 2183, 2187 (2009).

The 2008 Act referenced above repealed § 1605(a)(7) and replaced it with a roughly similar exception codified at 28 U.S.C. § 1605A. The new provision states that the court shall hear a claim under this exception

> <u>if the foreign state was designated as a state sponsor of terrorism at the time the act [of torture or extrajudicial killing] described in paragraph (1) occurred, or was so designated as a result of such act</u>, and, . . . either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; . . .

28 U.S.C. § 1605A(a)(2)(A)(i)(I) (emphasis added).[2]

Although plaintiff here has not moved to amend his complaint to assert a cause of action under 28 U.S.C. § 1605A, <u>see e.g.</u>, Acosta v. Islamic Republic of Iran, 574 F.Supp. 2d 15, 18 n.1 (D.D.C. 2008), if he were to do so, § 1605A(c) provides a private right of action against "[a] foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i)."

---

[2]Public Law 110-181, Division A, Title X, section 1083(c), provides that with respect to any action brought under the old, now repealed, section 1605(a)(7) before January 28, 2008, that (1) relied upon section 1605(a)(7) as creating a cause of action, (2) has been adversely affected on the grounds that this provision fails to create a cause of action against the state, and (3) as of the date of enactment, January 28, 2008, was "before the courts in any form," upon motion by the plaintiff the action shall be given effect as if filed under 28 U.S.C. § 1605A(c).

4

From the foregoing statutory analysis, the undersigned Magistrate Judge finds that subject-matter jurisdiction of this Court exists only if defendant Islamic Republic of Iran was designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. 2405(j), at the time the abduction, torture and extrajudicial killing of plaintiff's father occurred, or if it was later so designated as a result of such acts.

The undisputed proof in the record shows that plaintiff's father, Fatullah Ferdowsi, was abducted by agents of the Islamic Republic of Iran while he was attending a meeting of the Baha'i governing council in Tehran, Iran, on November 10, 1981. Mr. Ferdowsi was thereafter detained and tortured at Evin Prison in Tehran for 55 days until he was eventually executed on January 4, 1982.

From the evidence available, at least to the undersigned Magistrate Judge, it appears that defendant Iran has been designated as a state sponsor of terrorism continuously since January 19, 1984. See Acosta v. Islamic Republic of Iran, 574 F.Supp.2d 15, 19 (D.D.C. 2008); Flatow v. Islamic Republic of Iran, 999 F.Supp. 1, 9 (D.D.C. 1998); Exhibit 11 admitted at hearing on March 30, 2009; www.state.gov/s/ct/c14151.htm.

Plaintiff in his filings has asserted that defendant Iran "at all times relevant hereto" has been designated as a state

5

sponsor of terrorism (Complaint, Docket Entry No. 1, para. 4), and that "Iran is one of the countries placed on the list of state sponsors of terrorism in 1979" and "has remained designated as a terrorist-sponsoring state since 1979," (Complaint, para. 14). However, plaintiff has cited no authority or evidence suggesting that Iran was given the required designation before January 19, 1984. Moreover, the undersigned Magistrate Judge, after research, has been unable to uncover evidence of an earlier designation.

Plaintiff also argues that Iran's designation as a state sponsor of terrorism resulted, at least in part, from acts of terrorism committed against members of the Baha'i faith, of which plaintiff's father was one (Docket Entry No. 31, para. 7). In support of this assertion, plaintiff has introduced copies of three Congressional resolutions, adopted in 1993 and 2009, deploring and condemning Iran's religious persecution of the Baha'i community within Iran (Exhibits 7, 8 and 9 admitted at March 30, 2009, hearing). However, a close reading of these Congressional resolutions fails to reveal any mention of Iran's designation as a state sponsor of terrorism or any causal connection between such designation and Iran's human rights depredations against its religious minorities, including the Baha'is.

In conclusion, the undersigned Magistrate Judge finds that there is no evidence that defendant Islamic Republic of Iran was designated as a state sponsor of terrorism between November 10,

6

1981, and January 4, 1982, when plaintiff's father was abducted, tortured and killed, or that Iran's later designation resulted from these acts.  Therefore, the statutory exception to the general rule of foreign sovereign immunity does not apply in this case and this Court lacks subject-matter jurisdiction of this action.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's application for default judgment against defendant Islamic Republic of Iran be **DENIED**, and that the complaint be **DISMISSED** for lack of subject-matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of September 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
